UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
TIMOTHY WILLIAMS,

                         Plaintiff,

          -against-

SUPPORT MAGISTRATE MERIDITH LAFLER,
SUPPORT MAGISTRATE DENISE LIVIERI,
FAMILY COURT JUDGE ALFRED GRAF,
COURT CLERK THERESA MATYSZCZYK,
CHIEF COURT CLERK MICHAEL J. WILLIAMS,
DEPUTY CLERK/NOTARY PUBLIC LISA M.
GIOIA,

                        Defendants.
-------------------------------------------------------------X

**FILED**
**CLERK**

9/5/2025 11:19 am

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**MEMORANDUM AND ORDER**
25-CV-4263(GRB)(JMW)

**GARY R. BROWN, United States District Judge:**

       On July 31, 2025, *pro se* plaintiff Timothy Williams ("Plaintiff") filed a complaint in this Court against defendants Support Magistrate Meridith Lafler ("Magistrate Lafler"), Support Magistrate Denise Livieri ("Magistrate Livieri"), Family Court Judge Alfred Graf ("Judge Graf"), Court Clerk Theresa Matyszczyk ("Matyszczyk"), Chief Court Clerk Michael J. Williams ("Williams"), and Deputy Clerk/Notary Public Lisa M. Gioia ("Gioia") together with the filing fee.  *See* Docket Entry "DE" 1; DE 2.  For the reasons that follow, the complaint is dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

## BACKGROUND

**I.**    **Plaintiff's Relevant Litigation History**

       The present civil action is Plaintiff's third attempt to bring his state court paternity and child support proceedings to this Court.   By Memorandum and Order dated May 12, 2025, District Judge Joan Azrack dismissed a similar *pro se* civil rights complaint filed by Plaintiff who was

proceeding *in forma pauperis*.    *See* 24-CV-04719 (JMA)(JMW) *Williams v. Scott, et al*., DE No.

7.    There, Plaintiff had sued thirty defendants (including nearly all in this action) pursuant to 42

U.S.C § 1983 for their alleged involvement with the garnishment of Plaintiff's wages or levies on

his bank accounts in connection with Plaintiff's child support obligations.    *Id*. at 2.    In dismissing

Plaintiff's claims without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3), Judge

Azrack determined that the domestic relations exception to federal jurisdiction and the *Rooker-*

*Feldman* doctrine divested this Court of subject matter jurisdiction.[1]    Further, Judge Azrack noted,

even if domestic relations abstention and the *Rooker-Feldman* doctrine were not applicable,

> [Plaintiff's] damages claims against Judge Graf, Magistrate Livrieri, and
> Magistrate Lafler are precluded by judicial immunity and the claims for injunctive
> relief pursuant to Section 1983 against those judicial defendants are barred by the
> provision in Section 1983 that severely restricts the availability of injunctive relief
> against judicial officers; [and] [] sovereign immunity precludes . . . all Section 1983
> claims against . . . Magistrate Livrieri, Magistrate Lafler, and Williams in their
> official capacities[.]

*Id*. at 11 n.5.    Judge Azrack also noted the summary remand of Plaintiff's prior attempt to bring

these issues before this Court by filing a Notice of Removal that sought to remove two actions

filed in 2013 and 2014 from the Family Court of the State of New York, Suffolk County.    *Id*. at 2

n.3.    Judgment was entered on May 12, 2025, DE 8.    Plaintiff did not appeal.

## II.    Summary of the Present Complaint

Plaintiff again seeks relief in connection with events arising out of various state court

proceedings in the Family Court relating to his child support obligations.    DE 1 at 7, 14-16.    More

specifically, Plaintiff seeks this Court's intervention in those proceedings by requesting: (1) the

---

[1] Plaintiff had also sued three credit reporting agencies and the claims against those entities were
dismissed with prejudice for failure to state a plausible claim for relief.    *Id*. at 8 n.4, 11.

dismissal of the cases against him; (2) a refund of all of the child support payments he has already made; and (3) the "revers[al of] all arrears and grant me the plaintiff monetary damages." DE 1 at 8. Plaintiff claims a deprivation of his rights under the Fourteenth Amendment by "state judicial officers and clerical staff who, over the course of twelve years, knowingly proceeded in a Family Court child support matter absent lawful service and personal jurisdiction." *Id.* at 10, ¶ I. According to the Complaint, Plaintiff "was never served [with the] summons and complaint" yet "all my motions were dismissed." *Id.* at 7.

## LEGAL STANDARDS

A district court may *sua sponte* dismiss a frivolous *pro se* complaint. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (*per curiam*) ("[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee" because "as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources."); *Clark v. Schroeder*, 847 F. App'x 92, 93 (2d Cir. 2021) (summary order) ("District courts have the inherent power to dismiss a complaint as frivolous, even when, as here, the plaintiff has paid the filing fee."); *MacKinnon v. City of N.Y./Human Res. Admin.*, 580 F. App'x 44, 45 (2d Cir. 2014) (summary order) ("A district court has the inherent authority to dismiss an action that lacks an arguable basis in either law or fact [ ] regardless of whether the plaintiff has paid the filing fee." (internal quotation marks and citation omitted)); *see also Hawkins-El III v. AIG Fed. Sav. Bank*, 334 F. App'x 394, 395 (2d Cir. 2009) (affirming the district court's *sua sponte* dismissal of fee paid frivolous complaint).

A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as

3

when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). In addition, a complaint is frivolous where it seeks relief from defendants who are immune from suit. *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as frivolous when it is clear that the defendants are immune from suit.") (internal quotation marks omitted).

Pro se complaints are to be examined with "special solicitude," *Tracy v. Freshwater*, 620 F.3d 90, 102 (2d Cir. 2010), and are to be "interpret[ed] to raise the strongest arguments they suggest." *Nowakowski v. New York*, 835 F.3d 210, 215 (2d Cir. 2016). However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and district courts "cannot invent factual allegations" that the plaintiff has not pleaded. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level …" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations, brackets, and citation omitted).

Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 70-01 (2d Cir. 2000). Lack of subject matter jurisdiction cannot be waived and may be raised at any time or by the court *sua*

4

*sponte.  Id.*; *see also* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."); *Lance v. Coffman*, 549 U.S. 437, 439 (2007) ("Federal courts must determine that they have jurisdiction before proceeding to the merits").  Although *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, *Erickson v. Pardus*, 551 U.S. 89 (2007), a *pro se* plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law," *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983), and still must establish that the Court has subject matter jurisdiction over the action, *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005).

Even where subject matter is established, the Court may be divested of subject matter jurisdiction in certain circumstances, such as where the defendant is immune from suit.  *See*, e.g., *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (federal courts lack subject matter jurisdiction over claims against judges relating to the exercise of their judicial functions on immunity grounds).

## DISCUSSION

### I.    Domestic Relations Exception to Subject Matter Jurisdiction

This Court is divested of subject matter jurisdiction under the domestic relations exception. *Butler v. Faraci*, No. 24-CV-0036(GRB)(ARL), 2024 WL 1282352, *5 (E.D.N.Y. Mar. 26, 2024) (citing *Demuth v. Chenango Cnty. Dept. of Soc. Servs.*, No. 18-CV-0767, 2018 WL 5114175, at *3 (N.D.N.Y. Aug. 30, 2018), *report and recommendation adopted sub nom.*, *Demuth v. Chenango Cnty. Dept. of Soc. Servs.*, No. 18-CV-0767, 2018 WL 5113132 (N.D.N.Y. Oct. 19, 2018) ("There exists, however, a judicially recognized exception to federal subject matter jurisdiction in matters involving domestic relations.") (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 701-04 (1992) (add'l citation omitted)).  Indeed, "[d]omestic relations is 'an area of law that

5

federal courts and Congress leave almost exclusively to state law and state courts.'" *Butler*, 2024 WL 1282352 at *5 (quoting *Khalid v. Sessions*, 904 F.3d 129, 133 (2d Cir. 2018)). "This exception also extends to child support determinations and the enforcement thereof." *Oliver v. Punter*, No. 22-CV-3580(GRB)(LGD), 2022 WL 3228272, at *3 (E.D.N.Y. Aug. 10, 2022) (citing *Sorenson v. Suffolk Cnty. Child Support Enforcement Bureau*, 07-CV-03755(JFB)(AKT), 2009 WL 580426, at *6-7 (E.D.N.Y. Mar. 5, 2009) (finding plaintiff, who previously unsuccessfully sought to have child support "arrears vacated . . . in state court" cannot "utilize the federal courts to, in essence, challenge the existing judgment regarding child support arrears, or the County's enforcement of that judgment"); *McArthur v. Bell*, 788 F. Supp. 706, 709 (E.D.N.Y. 1992) (plaintiff's constitutional claims, which were directly related to an underlying child support determination, were barred by the domestic relations exception because "to decide the instant case, this Court would be forced to re-examine and re-interpret all the evidence brought before the state court in the domestic relations proceedings," which "is the role of the Appellate Division . . . not the role of this Court.")). Thus, the domestic relations abstention doctrine in federal question cases, as is the case here, requires federal courts to abstain from interfering in state cases raising family law or domestic relations issues. *See Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990).

Here, although Plaintiff "invokes his constitutional rights, the substance of his claims concern state law domestic relations matters." *Sullivan v. Xu*, No. 10-CV-03626, 2010 WL 3238979, at *2 (E.D.N.Y. Aug. 13, 2010). Nor has Plaintiff alleged that these issues cannot be fully and fairly determined in the state court. *Dixon v. Hahn*, No. 23-CV-5424, 2023 WL 5103162, at *3 (S.D.N.Y. Aug. 7, 2023) ("Federal district courts must abstain from exercising

federal question jurisdiction of claims involving domestic relations issues, so long as those claims may be fully and fairly determined in the state courts.").    Accordingly, because Plaintiff's claims arise directly from the state Family Court matter, this Court lacks subject matter jurisdiction to adjudicate them.    In the absence of subject matter jurisdiction for the reasons set forth above, the Court does not reach the merits of Plaintiff's claims and the complaint is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3).[2]  *Humphrey v. Syracuse Police Dep't*, 758 F. App'x 205, 206-07 (2d Cir. 2019) (summary order) (explaining, where a court dismisses a complaint for lack of subject matter jurisdiction, the court does "not have the power to reach the merits and dismiss the claims against the defendants for failure to state a claim . . . .") (citing *Carter v. HealthPort Technologies, LLC*, 822 F.3d 47, 54-55 (2d Cir. 2016)).

## II.    Absolute Judicial and Quasi-Judicial Immunity

Even if the domestic relations exception did not apply (which it clearly does), Plaintiff's claims against the Defendants are foreclosed by the doctrine of absolute judicial immunity, which extends to court staff.  *Mireles,* 502 U.S. at 11 ("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *Felicie v. Brown*, No. 24-CV-7446, 2025 WL 1446907, at *4 (S.D.N.Y. May 19, 2025) ("Judicial immunity has been extended to court clerks and 'others who perform functions closely associated with the judicial process' when they are

---

[2]  Insofar as Plaintiff is challenging the final outcomes of any of his state court proceedings, the *Rooker-Feldman* doctrine would also require this Court to decline Plaintiff's invitation to review and reject those state court judgments. *Stumpf v. Maywalt*, No. 21-CV-06248, 2022 WL 2062613, at *4 n. 4 (W.D.N.Y. June 6, 2022) ("The *Rooker-Feldman* doctrine bars federal courts from exercising jurisdiction over claims brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." (internal quotation marks omitted)); *Fernandez v. Turetsky*, No. 12-CV-4092, 2014 WL 5823116, at *4 (E.D.N.Y. Nov. 7, 2014), *aff'd*, 645 F. App'x 103 (2d Cir. 2016) ("Courts have repeatedly invoked the [*Rooker-Feldman*] doctrine in cases, like the one currently before the Court, in which plaintiffs challenge family court decrees setting child support arrears.") (collecting cases).

performing discretionary acts of a judicial nature which are essential to the judicial process, especially the filing of court documents and managing a courts calendar.") (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985)); *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (extending judicial immunity to state court clerks who were ordered by Appellate Division judges not to provide a litigant with documents and not to expand the record on appeal).

Here, Plaintiff alleges that Magistrate Lafler, Magistrate Livieri, and Judge Graf "dismissed" his motions and "signed" orders.  DE 1 at 7. ¶ III.C.  Such acts are clearly judicial in nature, performed in their respective judicial capacities, and are shielded by absolute judicial immunity.  Similarly, insofar as Plaintiff alleges that Court Clerks Matyszczyk, Williams, and Gioia "notarized" or otherwise processed court documents, *id*., such Court staff have quasi-judicial immunity.  "This absolute 'judicial immunity is not overcome by allegations of bad faith or malice' nor can a judicial officer be deprived of immunity 'because the action he took was in error [ ] or was in excess of his authority.'"  *Bonanno v. 41 Sherbrooke Rd, LLC*, No. 23-CV-7388(GRB)(ARL), 2023 WL 8358063, at *3 (E.D.N.Y. Dec. 1, 2023), *appeal dismissed sub nom. Bonanno v. 41 Sherbrooke Rd. LLC*, No. 24-125, 2024 WL 3407709 (2d Cir. June 26, 2024) (quoting *Mireles*, 502 U.S. at 11, 13).  Although "[j]udicial immunity does not apply when a judge takes action outside his or her judicial capacity, or when the judge takes action that, although judicial in nature, is taken in absence of all jurisdiction," *Mireles*, 502 U.S. at 11-12, "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump*, 435 U.S. at 356.  Plaintiff's allegation that his motions were dismissed belies his jurisdictional claim.  Nor has Plaintiff alleged that "a declaratory decree was violated or declaratory relief was unavailable" as the 1996 amendment to Section 1983 requires in order to

avoid judicial immunity's bar to adjudication of his injunctive relief claims.  *Bythewood v. New York*, No. 22-2542-cv, 2023 WL 6152796, at *2 (2d Cir. Sept. 21, 2023) (summary order) ("While [the appellant] framed his request in the context of past declaratory relief, he cannot avoid the application of immunity by seeking a declaration that a judge violated his federal rights through prior adverse rulings."); *Berlin v. Meijia*, No. 15-CV-5308, 2017 WL 4402457, at *4 (E.D.N.Y. Sept. 30, 2017) ("Here, no declaratory decree was violated and declaratory relief is available to plaintiffs through an appeal of the state court judges' decisions in state court."), *appeal dismissed*, No. 17-3589 (2d Cir. May 22, 2018).

Accordingly, Plaintiff's claims are barred by absolute judicial and quasi-judicial immunity and are dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3).  *Rolle v. Shields*, 16-CV-2487, 2016 WL 3093898, *1 (E.D.N.Y. June 1, 2016) ("[I]n cases of judicial immunity, a Court may dismiss a complaint, *sua sponte*, without affording a hearing or other notice of dismissal.") (citing *Tapp v. Champagne*, 164 F. App'x 106 (2d Cir. 2006) (summary order) (affirming *sua sponte* dismissal of § 1983 claims against judges protected by absolute immunity)).

### III.    Leave to Amend

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).   Indeed, a *pro se* plaintiff who brings a civil rights action "should be 'fairly freely' afforded an opportunity to amend his complaint."   *Boddie v. N.Y. State Div. of Parole*, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting *Frazier v. Coughlin*, 850 F.2d 129, 130 (2d Cir. 1988)).   Yet while "*pro se* plaintiffs

are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." *Id.* (citation omitted).

Here, for the reasons set forth above, this Court lacks subject matter jurisdiction to adjudicate Plaintiff's claims and such circumstance could not be cured with better pleading. Accordingly, leave to amend the complaint would be futile and is thus denied.

## IV.    All Writs Act Warning

Under the All Writs Act, a federal court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).   The All Writs Act "grants district courts the power, under certain circumstances, to enjoin parties from filing further lawsuits." *MLE Realty Assocs. v. Handler*, 192 F.3d 259, 261 (2d Cir. 1999).   Those circumstances include cases where a litigant engages in the filing of repetitive and frivolous suits.   *See Malley v. N.Y. City Bd of Educ.*, 112 F.3d 69 (2d Cir. 1997) (*per curiam*) (filing injunction may issue if numerous complaints filed are based on the same events); *In re Martin-Trigona*, 9 F.3d 226, 222-28 (2d Cir. 1993).   Indeed, this Court has an "obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment, and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Law v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (cleaned up).

Should Plaintiff continue in this course of conduct, the Court may, after notice and an opportunity to be heard, bar him from filing any further complaint against these Defendants about the subjects set forth in the Complaint in this action and the dismissed complaints in 24-CV-4719 and 23-CV-4008.

## CONCLUSION

10

Based on the foregoing, the Complaint is dismissed without prejudice pursuant Federal Rule of Civil Procedure 12(h)(3).   The Clerk of the Court shall enter judgment accordingly and close this case.

The Clerk of Court is respectfully directed to serve a copy of this Memorandum and Order and the judgment to the Plaintiff at his address of record and shall note such mailing on the docket.

**SO ORDERED**.

Dated:        September 5, 2025                    /s/ Gary R. Brown
              Central Islip, New York              GARY R. BROWN
                                                   United States District Judge

11